City of Gallipolis, Appellee, *v.* The State, ex rel. Water Pollution Control Board, Appellant.

(No. 215—Decided January 31, 1957.)

*Mr. Perry J. Bailes,* city solicitor, *Mr. H. W. Cherrington* and *Mr. W. P. Cherrington,* for appellee.

*Mr. C. William O'Neill,* attorney general, and *Mr. Larry H. Snyder,* for appellant.

Collier, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Gallia County, reversing a final order of the Water Pollution Control Board of

Ohio which denied the renewal of a permit theretofore issued by such board to the city of Gallipolis to discharge untreated sewage into the Ohio River. For convenience and brevity, the parties will be referred to as the board and the city.

The bill of exceptions consists of the transcript of the proceedings before the board on the application of the city for a renewal of such permit. The record discloses that, in addition to permit No. 78.4, the renewal of which forms the basis of this appeal, four prior permits had been issued to the city; that the last permit, No. 78.4, was issued August 25, 1954, to expire February 5, 1955, and was conditioned on adoption, by the city, of the resolution to enact necessary legislation to secure funds adequate for the construction, operation and maintenance of proposed sewers and sewage treatment works and the consummation of the necessary legal steps to accomplish that purpose; and that these conditions for a renewal were not met.

The city, at the hearing before the board and in the Common Pleas Court, took the position that, under the provisions of Section 6111.11, Revised Code, the city was not subject to the provisions of the Water Pollution Control Act (Sections 6111.01 to 6111.08, inclusive, Revised Code) for the reason that Section 6111.11, Revised Code, contains an exception to the provisions of the act. Section 6111.11, Revised Code, so far as pertinent, reads:

"After the hearing provided for in Section 6111.10 of the Revised Code if the Public Health Council determines that improvements or changes are necessary and should be made, the Director of Health shall notify the mayor or managing officer * * * to install works or means, satisfactory to the director, for purification or otherwise disposing of sewage * * *. But no municipal corporation discharging sewage into a river which separates this state from another state shall be required to install sewage purification works so long as the unpurified sewage of municipal corporations of another state is discharged into such river above such municipal corporations of this state."

The city offered evidence to show that the cities of Parkersburg and Ravenswood in West Virginia, on the Ohio River above Gallipolis, were discharging unpurified sewage into the Ohio River. The board rejected this evidence on the ground

that Section 6111.11, Revised Code, was not a part of the Water Pollution Control Act and therefore did not apply to a proceeding under that act.

The Common Pleas Court held that Section 6111.11, Revised Code, did apply and engrafted an exception to the provisions of the Water Pollution Control Act; that the evidence showed unpurified sewage was being discharged into the Ohio River by municipal corporations of West Virginia at a point in the river above Gallipolis; that this evidence should be considered and was sufficient to exempt the city of Gallipolis from the Water Pollution Control Act, requiring the treatment of sewage before discharging it into the river; and that the board should have granted the renewal of the permit. The court reversed the order of the board.

The issue for determination is whether Section 6111.11, Revised Code, contains an exception to the provisions of the Water Pollution Control Act. The question is not without difficulty for the reason we are dealing with two separate acts of the Legislature which have been compiled into Chapter 6111 of the Revised Code. The Water Pollution Control Act consists of Sections 6111.01 to 6111.08, inclusive, Revised Code, and became effective September 27, 1951 (124 Ohio Laws, 855). It is entitled:

"An Act to establish *a water pollution control board* and to control, prevent, and abate pollution of streams, lakes, ponds, watercourses, wells, and other surface or underground waters of the state." (Emphasis added.)

Under the powers of the board, as defined in Section 6111.03, Revised Code, it may issue, revoke, modify or deny permits to a municipality to do the acts therein prohibited. So that the order of the board denying the renewal of the permit to the city is an authorized, valid order unless, under Section 6111.11, Revised Code, the city is exempt from the conditions of the original order which required certain specific acts by the city toward the construction and completion of a sewage disposal plant.

Section 6111.11, Revised Code, is a part of an act entitled:

"An Act to authorize the *state board of health* to require

the purification of sewage and public water supplies and to protect streams against pollution.'' (Emphasis added.)

That Act, with amendments, embraces Sections 6111.09 to 6111.30, inclusive, Revised Code, and became effective July 8, 1908. (99 Ohio Laws, 74.)

Sections 6111.01 to 6111.08, inclusive, establish in the Department of Health a Water Pollution Control Board, provide for its membership, define its duties and powers, including the power to make investigations, conduct hearings, issue orders, etc.

Sections 6111.09 to 6111.30, inclusive, define the powers and duties of the Director of Health, the Department of Health and the Public Health Council in exercising similar control over public water supplies.

The Water Pollution Control Board is not mentioned in Sections 6111.09 to 6111.30 of the Revised Code. The ''hearing'' referred to in Section 6111.11, Revised Code, as provided in Section 6111.10, Revised Code, is a hearing before the Public Health Council and relates in no manner to the action of the Water Pollution Control Board. There are several conflicting provisions in the two acts. For example, Section 6111.06, Revised Code, provides that all proceedings of the Water Pollution Control Board, under Sections 6111.01 to 6111.08, inclusive, of the Revised Code, shall be subject to and governed by Sections 119.01 to 119.13, inclusive, Revised Code. Section 119.12 provides for an appeal from an adverse order of an agency denying the renewal of a permit to the Common Pleas Court, while Section 6111.27, Revised Code, provides that no court other than the Supreme Court may review an order of the Director of Health. This clearly indicates that the Legislature never intended to combine the two acts, but that the one should be administered independently of the other.

If these two acts were not combined in the same chapter of the Code, with Code numbers running in regular sequence, the construction of each act would be a simple matter. We believe it to be unfortunate that the two acts have been combined in one chapter. Considered separately, each act is free from ambiguity. There is no provision in the Water Pollution Control

Act exempting a city from treating sewage before discharging it into a river when municipalities in another state located at points up the river discharge unpurified sewage into that river.

It should be observed that we are considering the validity of the order of the Water Pollution Control Board denying the renewal of a permit to continue to discharge untreated sewage into the Ohio River, and not an order of the Director of Health to install works for the purification of sewage.

Had the order been issued by the Director of Health as authorized by Sections 6111.10 and 6111.11, Revised Code, the provisions of the latter section, under the evidence, would clearly apply and exclude the city from the requirement of maintaining a sewage disposal plant. But, in our opinion, these two acts may not be regarded as *in pari materia,* simply because they have been combined into one chapter of the Code. The two acts do not relate to the same agencies or the same subject, but provide entirely different systems to regulate the same evil. See 37 Ohio Jurisprudence, 599, Section 332.

Our conclusion is that Section 6111.11 does not contain an exception to the Water Pollution Control Act (Sections 6111.01 to 6111.08, inclusive, Revised Code); that the board, after a hearing, in the exercise of its discretion, had the right to determine whether to renew the permit; that the board acted correctly in rejecting the evidence as to other municipalities in another state discharging unpurified sewage into the river; that the failure of the city to meet the conditions of the last renewal of the permit after the issuance of three prior permits is sufficient evidence to support the order denying another renewal; that the board did not abuse its discretion in refusing another renewal; and that the action of the board is supported by substantial evidence and in accordance with law.

In an appeal on questions of law from the action or decision of an administrative agency, a court may not substitute its judgment for that of the agency, and when the decision of the agency is supported by substantial evidence and made in accordance with law, such action must be affirmed. Under such circumstances, courts may not inquire into the wisdom or advisability of such order.

The judgment of the Common Pleas Court is hereby reversed and the order and ruling of the appellant board is ordered affirmed.

*Judgment reversed.*

McCurdy, P. J., and Gillen, J., concur.